OPINION
{¶ 1} Warren Keith Roberts ("Keith"), defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, in which the court entered a decree of divorce between appellant and Amy Mullins Roberts, plaintiff-appellee. *Page 2 
 {¶ 2} The parties were married in May 1993. On August 15, 2003, Amy filed a complaint for divorce. The parties had one child together, Warren K. Roberts, who was born May 20, 1996. Paternity was established with regard to another child born during the term of the marriage, Mya Brooks, who was born September 24, 2006, with defendant Daryl Brooks being determined to be the father. Pursuant to temporary orders, Amy was named residential parent and legal custodian, Keith was granted standard visitation, and Keith was ordered to pay $388.90 per month plus processing fee for child support, which was a downwardly deviated amount based upon Keith's obligation to pay $258.33 per month for the school tuition of the parties' son. All issues relating to the allocation of parental rights and responsibilities, except for child support, were resolved prior to the final hearing, with the parties agreeing to a shared parenting plan and Amy being named the residential parent for school placement purposes.
 {¶ 3} On November 19 and 20, 2007, a trial was held regarding child support, spousal support, and property division. On December 11, 2007, the trial court issued a judgment. Keith appeals the judgment of the trial court, asserting the following assignments of error:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN ITS ORDER OF CHILD SUPPORT
 A. THE TRIAL COURT DID NOT CONSIDER ALL OF THE STATUTORY FACTORS REQUIRED PURSUANT TO OHIO REVISED CODE SECTION 3119.23 FOR GRANTING A DEVIATION.
 II. THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING ATTORNEY FEES TO THE PLAINTIFF-APPELLEE.
 III. THE TRIAL COURT ABUSED ITS DISCRETION IN ITS PROPERTY SETTLEMENT[.] *Page 3 
 A. THE TRIAL COURT DID NOT TAKE INTO ACCOUNT THE HOUSEHOLD GOODS AND FURNISHING[S] DIVIDED BY THE PARTIES.
 {¶ 4} Keith argues in his first assignment of error that the trial court abused its discretion with regard to the child support order. Specifically, Keith asserts that the trial court failed to consider all of the statutory deviation factors pursuant to R.C. 3119.23 and 3119.24. R.C. 3119.22 provides that a trial court may order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet if, after considering the factors and criteria set forth in R.C. 3119.23, the court determines that the amount calculated would be unjust or inappropriate and would not be in the best interest of the child. R.C. 3119.23, in turn, provides that the court may consider any of the following factors in determining whether to grant a deviation under R.C. 3119.23: (A) special and unusual needs of the children; (B) extraordinary obligations for minor children or obligations for handicapped children who are not stepchildren and who are not offspring from the marriage or relationship that is the basis of the immediate child support obligation; (C) other court-ordered payments; (D) extended parenting time or extraordinary costs associated with parenting time; (E) the obligor obtaining additional employment after a child support order is issued in order to support a second family; (F) the financial resources and the earning ability of the child; (G) disparity in income between parties or households; (H) benefits that either parent receives from remarriage or sharing living expenses with another person; (I) the amount of federal, state, and local taxes actually paid or estimated to be paid by a parent or both of the parents; (J) significant in-kind contributions from a parent, including, but not limited to, direct payment *Page 4 
for lessons, sport equipment, schooling, or clothing; (K) the relative financial resources, other assets and resources, and needs of each parent; (L) the standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued; (M) the physical and emotional condition and needs of the child; (N) the need and capacity of the child for an education; (O) the responsibility of each parent for the support of others; and (P) any other relevant factor.
 {¶ 5} The amount of child support to be paid calculated according to the worksheet and guidelines is presumed to be the correct amount of child support. R.C. 3119.03. The decision to deviate from the actual obligation is discretionary and will not be reversed absent an abuse of discretion. See In re Custody of Harris, 168 Ohio App.3d 1,2006-Ohio-3649, at ¶ 60-61. The term "abuse of discretion" connotes that the court's decision is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 131. Further, we should not independently review the weight of the evidence, but should be guided by the presumption that the trial court's findings are correct. Miller v. Miller (1988), 37 Ohio St.3d 71,74.
 {¶ 6} Initially, we note that, contrary to Keith's general contention that the trial court did not consider all of the necessary statutory factors for determining whether a deviation was warranted, the trial court specifically indicated that it had considered all of the statutory deviation factors and found no reason for a deviation from the guidelines. The trial court also specifically acknowledged Keith's argument that he requested a deviation due to extraordinary time he spent with the child. Therefore, insofar as Keith *Page 5 
contends the trial court completely failed to consider the deviation factors, this argument is without merit.
 {¶ 7} Notwithstanding, Keith's first specific contention is that the trial court did not consider the other court-ordered payments he must make, consistent with R.C. 3119.23(C). Keith points out that, in addition to the guideline child support amount, the trial court ordered him to pay $150 per month in child support arrearages; $250 per month for non-taxable property settlement; $250 per month to equalize the balance of the property division; $1 per month for spousal support; and $5,000 in attorney fees to be paid on or before December 10, 2010. However, beyond his assertions, Keith points to no evidence to suggest that the trial court did not consider these payments. As the trial court ordered all of these payments in its final judgment, it was obviously aware of them.
 {¶ 8} Furthermore, as Amy points out, the trial court ordered most of these payments based upon Keith's own voluntary conduct during litigation. Keith incurred the child support arrearage due to his failure to pay the tuition payments as ordered in the temporary orders, which the parties agreed would be deemed a child support arrearage and incorporated into the final order. As for the attorney fees, the trial court awarded Amy $5,000 in attorney fees, finding that they were incurred as a result of Keith's failure to fully comply or cooperate with discovery. As we have found below, the trial court did not err in awarding attorney fees to Amy based upon Keith's conduct.
 {¶ 9} Keith also argues that the trial court did not properly consider the extended parenting time he has with the parties' son pursuant to R.C. 3119.23(D) and 3119.24(B). R.C. 3119.23(D) provides that the trial court may consider extended parenting time or extraordinary costs associated with parenting time when deciding whether to deviate from *Page 6 
the calculated amount of child support. Pursuant to R.C. 3119.24(A), a court may deviate from the amount of child support in the worksheet if it determines that the guideline amount would be unjust or inappropriate to the child or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents. R.C. 3119.24(B)(1) through (4) defines "extraordinary circumstances of the parents," and includes: (1) the amount of time the children spend with each parent; (2) the ability of each parent to maintain adequate housing for the children; (3) each parent's expenses, including child care expenses, school tuition, medical expenses, dental expenses, and any other expenses the court considers relevant; and (4) any other circumstances the court considers relevant.
 {¶ 10} Here, Keith points out that he has parenting time with his son approximately 40 percent of the time pursuant to an alternating schedule that gives him parenting time from Wednesday at 6:00 p.m. until Sunday at 6:00 p.m. one week, and the next week Wednesday at 6:00 p.m. until Friday at 6:00 p.m. Keith indicates that, during a typical 30-day month, the child spends 14 days with Amy, eight days with him, and eight days split between both of them. Keith argues that he is spending an extraordinary amount of time with the child, and, considering his court-ordered payments and living expenses, he has a heavy financial burden that is unjust and not in the best interests of the child.
 {¶ 11} The trial court acknowledged Keith's contention that he is spending a significant amount of time with the child; however, the court found that both parties represented that they were not following the agreed schedule. In his trial testimony, Keith conceded that they were not following the agreed schedule, and the child spends weekdays with Amy and weekends and holidays with him. Keith does not address this *Page 7 
issue on appeal. Nevertheless, Keith's argument may simply be summed up by the fact that he disagrees with the trial court as to whether the time he spends with the child is worthy of deviation. Given that our standard of review is abuse of discretion, we cannot find that the trial court's decision not to deviate from the guidelines amount is so arbitrary or capricious that it must be reversed. Therefore, we find this argument without merit. For the above reasons, Keith's first assignment of error is overruled.
 {¶ 12} Keith argues in his second assignment of error that the trial court abused its discretion when it awarded attorney fees to Amy. R.C. 3105.73(A) governs the award of attorney fees and litigation expenses in domestic relations cases and provides that, in an action for divorce, a court may award all or part of the reasonable attorney fees and litigation expenses to either party if the court finds the award equitable. The statute also provides that, in determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate. The awarding of attorney fees is within the sound discretion of the trial court. Howell v. Howell, 167 Ohio App.3d 431, 2006-Ohio-3038. Therefore, we must review this issue under an abuse of discretion standard.
 {¶ 13} Keith argues that the award of attorney fees was not appropriate because there was no evidence that he caused the delays in the matter. He contends the delays were caused by the changes in attorneys for both parties, the change in the judge, and the parties' inability to agree to monetary divisions. Keith also asserts it was improper for the trial court to award attorney fees to Amy based upon a finding that he would not agree *Page 8 
to pay Amy one-half of the marital estate, as a division of marital assets must be equitable, not equal.
 {¶ 14} Although we agree with Keith that one spouse's failure to voluntarily pay one-half of the marital estate to the other party, in and of itself, is not a reasonable ground for an award of attorney fees to the other spouse, the trial court here relied upon several other findings to support its award of attorney fees. In awarding attorney fees to Amy, the trial court found that Amy incurred numerous expenses as a result of Keith's failure to fully comply or cooperate with discovery. The record contains evidence to support the trial court's finding in this respect. Amy testified that she believed Keith had intentionally dragged out the case for four years by failing to follow discovery orders. She stated that, when she needed documents or paperwork, he never responded to her requests. Amy testified that she incurred unnecessary attorney fees because her attorney had to file subpoenas and conduct research to obtain information that Keith should have been providing her pursuant to discovery. Further, Keith argues that, because he was hospitalized at one point during the proceedings, he was prohibited from participating in hearings and discovery. Amy acknowledged that Keith was hospitalized, however, she stated his failure to comply with discovery was simply voluntary. Also, in testifying as to the reasonableness of Amy's attorney fees, attorney Jeff Fish testified that Amy was forced to file a subpoena to obtain retirement documents and tax returns that should have been voluntarily given to her earlier in the case. Furthermore, Fish testified Keith never submitted updated discovery after 2004, leaving gaps in information Amy needed for trial. Therefore, based upon the testimony of Amy and Fish, we find the trial court had a *Page 9 
sufficient basis to order that Keith pay $5,000 toward Amy's attorney fees. Based upon the above, Keith's second assignment of error is overruled.
 {¶ 15} Keith argues in his third assignment of error that the trial court abused its discretion with regard to the property division. Specifically, Keith argues that the trial court erred when it awarded an additional property settlement to Amy of $12,499.50 to equalize the balance of the property division. Keith points out that the court heard testimony as to the value of household furnishings retained by each party, but gave a value of $1 to each of the parties' retained furnishings instead of using the true value. Keith maintains that the trial court's finding, in this respect, fails to constitute written findings of fact to support the determination that the marital property was divided equitably, consistent with R.C. 3105.171(G).
 {¶ 16} A trial court has broad discretion in making divisions of property in domestic cases. Middendorf v. Middendorf (1998),82 Ohio St.3d 397, 401, citing Berish v. Berish (1982), 69 Ohio St.2d 318. In order to make an equitable division of property, pursuant to R.C. 3105.171(G), a trial court should first determine the value of marital assets. Eisler v. Eisler (1985), 24 Ohio App.3d 151, 152. In performing this function, the court has broad discretion to develop some measure of value. Berish, supra, at 318. A flat rule to determine the value of assets cannot be established as equity depends on the totality of the circumstances. Briganti v. Briganti (1984), 9 Ohio St.3d 220, 222. When determining the value of marital assets, a trial court is not confined to the use of a particular valuation method, but can make its own determination as to valuation based on the evidence presented. James v.James (1995), 101 Ohio App.3d 668, 681. A trial court's valuation of marital property will not be reversed absent an abuse of discretion. Id. *Page 10 
 {¶ 17} In the present case, we must reject Keith's arguments. As to his contention that the trial court did not make any findings as to the valuation of household furnishings retained by each party, the trial court did, in fact, make a finding on this issue. The trial court found that, "[n]either party presented credible testimony as to the value of the used household goods and furnishings that are now in each party's respective possession." The court further found that, "the parties' failure to provide credible testimony constitutes a waiver of their right to have these assets valued by the Court and the Court determines that the division of these assets is equitable, if not necessarily equal." Thus, the court made written findings of fact supporting its division of property.
 {¶ 18} Keith complains that the trial court did not place a value on the marital household goods and furnishings. As indicated above, valuation of marital assets is typically a factual issue that is left to the discretion of the trial court. Berish, supra, at 319. Above all, a reviewing court should be guided by a presumption that the findings of a trial court are correct, since the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use their observations in weighing the credibility of the proffered testimony. In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 138, citingSeasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80. Here, the trial court found neither parties' testimony credible as to the value of the furnishings each retained; thus, the court did not place specific values on the property. Although the trial court has broad discretion to determine the value of marital property, some courts adhere to the concept that the court is not privileged to omit valuation altogether.Willis v. Willis (1984), 19 Ohio App.3d 45, 48. It has also been held that a party's failure to put on any evidence *Page 11 
does not permit assigning an unknown as value. Id., at 48. Under such circumstances, the court itself should instruct the parties to submit evidence on the matter. Id.
 {¶ 19} However, courts, including this court, have found some limitations to the general declaration that a trial court must value all marital property. For example, this holding has typically been limited to only "major" assets. See, e.g., Beagle v. Beagle, Franklin App. No. 07AP-494, 2008-Ohio-764, at ¶ 41, citing McCloud v. McCloud, Fulton App. No. F-05-006, 2005-Ohio-6841, citing Zona v. Zona, Medina App. No. 05CA0007-M, 2005-Ohio-5194, at ¶ 5, citing Kohler v. Kohler (Aug. 14, 1996), Lorain App. No. 96CA006313. We have also acknowledged that "`the trial court cannot be expected to place a value on each individual item of personal property owned by the parties.'" Id. Thus, the trial court need not "value every piece of furniture, lawn equipment, and other personal property accumulated during a marriage," where evidence of the value has not been presented. Kohler, supra.
 {¶ 20} In Ortiz v. Ortiz, Jefferson App. No. 05 JE 6, 2006-Ohio-3488, the court analyzed this issue, as well as the holding inWillis, at length. In Ortiz, there were two vehicles as part of the marital assets, and no valuation of the vehicles was given by either party. The appellant in Ortiz argued that the trial court must put some type of monetary value on the assets of the parties, regardless of the evidence actually presented at trial. The court rejected this contention, finding "[t]his is a misstatement of the law in this area." Id., at ¶ 44. In addressing the appellant's argument thatWillis prohibits a trial court from omitting the valuation of any marital asset, the court noted that Willis is sometimes incorrectly cited for this sweeping principle. Instead, the court in Ortiz explained that
 What is nearly always left out of these general observations from the Willis case is the fact that Willis is referring *Page 12 
specifically to the valuation of a pension fund, and not necessarily to the valuation of every last individual item of marital property, whether it be a family photo, a broken toy, a pile of old magazines, or any of thousands of similar items. * * *
Id., at ¶ 46. The court went on to indicate that, in Hoyt v. Hoyt
(1990), 53 Ohio St.3d 177, 180, "[t]he Ohio Supreme Court adopted the analysis and holding of Willis, but only in the context of pension and retirement funds." Id. "Few marital assets present the range and intricacy of problems associated with pension and retirement funds." Id., citing Hoyt. The court in Ortiz then noted that:
 There has never been any general rule that the trial court must put a monetary value on every conceivable marital asset before a final and appealable divorce decree can be granted, particularly if the parties refuse to provide or are completely unable to provide any factual basis to value their personal effects. * * *
Id., at ¶ 46. Instead, the Ortiz court stated, "trial courts normally deal with personal effects and sentimental items in a divorce by simply allowing the parties to divide the items amongst themselves, and the trial court's order in this case seems to be a more elaborate version of the usual provision." Id.
 {¶ 21} In the instant case, we agree with the trial court that neither party presented any convincing evidence of the value of the household items. Although both Amy and Keith did state the original cost of a few of the items, these figures were of little help in determining their present values. Thus, both parties' testimony on this issue was severely lacking. The trial court found the parties' deficient evidence and testimony constituted a waiver. Other courts have agreed, finding that, when a party fails to present evidence as to the value of an item, it is akin to an invited error and that party has waived the right to appeal in regard to that asset. See Hruby v. Hruby (June 11, 1997), Columbiana App. *Page 13 
No. 93-C-9; see, also, Davis v. Davis, Cuyahoga App. No. 82343, 2003-Ohio-4657, at ¶ 18, citing Hruby (husband waived any argument regarding the valuation of marital property when he failed to submit any evidence of valuation at trial).
 {¶ 22} In Hruby, the court found that, if a party fails to present sufficient evidence of valuation, that party has presumptively waived the right to appeal the distribution of those assets because the trial court can only make decisions based on the evidence presented and is not required to order submission of additional evidence. The court agreed with the finding in Walls v. Walls (May 4, 1995), Highland App. No. 94-CA-849, in which the court concluded that, if a trial court required parties to submit further evidence on the issue of valuation, the court would be interfering with the parties' right to try their own case. The court in Walls reasoned that, if a party elects to be less than forthcoming in the presentation of evidence, he has a right to do so, and any error resulting therefrom must be "invited." Thus, the court inHruby rejected the holding in Willis that a trial court should instruct the parties to submit evidence on the matter of valuation, finding that, although such instruction would be more efficient for all concerned, a trial court is under no duty to do so. The court in Hruby stated that the parties are under a duty to provide values for the property, and when they fail to submit such evidence at trial, the waiver principle from Walls makes more sense.
 {¶ 23} In the present case, Amy testified that she and Keith discussed who was going to receive what household goods and furnishings. Amy presented a document at the hearing that listed a number of household goods and furnishings, although surely not an exhaustive list, and delineated how these items were divided upon their separation. Amy believed the values of the property to be equal. Amy stated she and Keith did not *Page 14 
agree on who should get the riding lawn mower or the television in the family room, but she took both items. She stated the riding law mower was worth more than $1,000, but she did not give any further details. She believed the family room television was worth $2,000, and contended it was an anniversary gift to her.
 {¶ 24} Keith testified that the total value of the items he received was $5,000, and the value of the items Amy received was $15,000. However, although he stated the split of the property was not agreed upon between them and was not equitable, he gave no present value for any of the items. Given the parties' total failure to give any present values to the property divided between them, any resultant error was due to the parties' failure to provide sufficient evidence for the court to use in determining an equitable distribution. The trial court was left with the responsibility of dividing the property for which the parties failed to give any credible valuation, and the court made a division it deemed equitable. Even on appeal, Keith fails to point to any evidence demonstrating that the court's division was anything other than equitable. For these reasons, we find the trial court did not err when it divided the parties' household goods and furnishings. Therefore, Keith's third assignment of error is overruled.
 {¶ 25} Accordingly, Keith's first, second, and third assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
 BRYANT and SADLER, JJ., concur. *Page 1