[Cite as *Dolan v. Dolan*, 2011-Ohio-5195.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| GEOFF DOLAN | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2010 CA 00342 |
| KIM DOLAN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                             Common Pleas, Domestic Relations
                             Division, Case No. 2009 DR 01146

JUDGMENT:                    AFFIRMED IN PART; REVERSED AND
                             REMANDED IN PART

DATE OF JUDGMENT ENTRY:      September 29, 2011

APPEARANCES:

For Appellant:                           For Appellee:

HOLLY J. DAVIES                          ARNOLD F. GLANTZ
101 Central Plaza South, Suite 1000      4883 Dressler Road N.W.
Canton, OH 44702                         Canton, OH 44718

*Delaney, J.*

{¶1}    Defendant-Appellant Kim Dolan appeals the October 19, 2010 Decree of Divorce and related orders from the Stark County Court of Common Pleas, Domestic Relations Division.  Plaintiff-Appellee is Geoff Dolan.

## STATEMENT OF THE FACTS AND CASE

{¶2}    Appellant and Appellee were married on November 30, 1999.  Four children were born as issue of the marriage, all minors at the time of the divorce.  Appellee filed his Complaint for Divorce on October 1, 2009.  Appellant filed an Answer and Counterclaim on November 18, 2009.

{¶3}    On November 24, 2009, the magistrate ordered Appellee to pay temporary spousal support to Appellant in the amount of $750 per month.  Both parties filed financial affidavits.  Appellee is self-employed as a computer consultant.  His business income stated on his tax return was $56,000 per year.  In 2010, Appellee stated his business income was reduced to $26,000 because of his responsibility for caring for the children interfered with his ability to work and the ordered spousal support.  Appellant is unemployed.  She occasionally works as a server and earns $500 to $600 per month.

{¶4}    On June 24, 2010, the trial court approved and adopted a Shared Parenting Plan submitted by Appellee.  The Shared Parenting Plan filed on June 24, 2010 stated, "Father shall pay current child support for the minor children in the sum of $TBD per month, per child, plus processing fees beginning TBD.  The parties have agreed to a deviation of the Child Support Guidelines based on the amount of time

Father is spending with the minor children. The parties believe that this deviation is in the best interest of the minor children."

{¶5} Appellant's counsel moved to withdraw from representing Appellant on August 9, 2010. The trial court granted the motion and Appellant proceeded to trial on September 23, 2010 without counsel.

{¶6} The magistrate issued Findings of Fact and Conclusions of Law on September 24, 2010. The magistrate stated that a Shared Parenting Plan was approved and adopted on June 24, 2010, but the magistrate ordered that Appellant pay $50 per month in child support payments beginning October 1, 2010. The magistrate terminated spousal support and stated, "The Court considered an award of spousal support and the factors found in Revised Code Section 3105.18(c)(1) including the present financial condition of both parties, the father's responsibility for raising the four young children and the lack of evidence pertaining to mother's inability to seek employment. Based on consideration of the factors no spousal support shall be awarded nor shall there be continuing jurisdiction." The magistrate found the parties had interest in two homes, but found no equity in either home. The magistrate awarded Appellee the marital home. Appellant was to quit claim her interest in the marital home and Appellee was responsible for the mortgage and taxes on the marital home. Appellee also had one-third interest in a rental home with his parents. The magistrate awarded Appellee his one-third interest in the home and Appellant was to quit claim her interest in the same. There was no specific finding about the division of the parties' remaining personal property or household goods.

{¶7}   Appellant, represented by counsel, filed objections to the magistrate's decision on October 1, 2010.  On October 19, 2010, the trial court issued a Decree of Divorce, prepared by Appellee.  The Decree of Divorce restated the findings of fact and conclusions of law of the magistrate's decision that Appellant was to pay $50 per month in child support and there was no award of spousal support.  The Decree of Divorce also failed to specify a division of the parties' personal property.

{¶8}   On November 29, 2010, the trial court held a hearing on Appellant's objections to the magistrate's decision.  The trial court overruled Appellant's objections.

{¶9}   It is from these decisions Appellant now appeals.

## ASSIGNMENTS OF ERROR

{¶10}  Appellant raises three Assignments of Error:

{¶11}   "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT MODIFIED THE PARTIES' SHARED PARENTING PLAN.

{¶12} "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT TERMINATED THE ORDER OF SPOUSAL SUPPORT.

{¶13} "III. THE TRIAL COURT ABUSED ITS DISCRETION BY MAKING AN UNEQUAL AND INCOMPLETE DIVISION OF THE MARITAL PROPERTY."

## I.

{¶14}  Appellant argues in her first Assignment of Error the trial court abused its discretion in modifying the Shared Parenting Plan as to child support without including a child support calculation worksheet in the record.  We agree.

{¶15} The Shared Parenting Plan approved and adopted by the trial court on June 24, 2010 stated that Appellee shall pay current child support.  The Shared

Parenting Plan did not specify the amount of support but left the amount "to be determined." The magistrate's decision and decree of divorce acknowledged the Shared Parenting Plan, but ordered Appellant to pay child support in the amount of $50 per month. There is no record of a child support calculation worksheet to demonstrate a deviation from the child support agreed to in the Shared Parenting Plan.

{¶16} R.C. 3119.02 requires the trial court calculate the amount of an obligor's child support obligation "in accordance with" the basic child support schedule set forth in R.C. 3119.021, the applicable worksheet in R.C. 3119.022 or 3119.023, and other requirements of the law. R.C. 3119.022 and 3119.023 both provide a sample or "model" worksheet and each provision directs the court to "use a worksheet that is identical in content and form" to the applicable model provided. The Ohio Supreme Court has held a child support computation worksheet must actually be completed and made a part of the trial court's record when any child support order is made. *Marker v. Grimm* (1992), 65 Ohio St.3d 139, 601 N.E.2d 496, paragraph one of the syllabus.

{¶17} R.C. 3119.24(A)(1) governs deviation of the amount of child support ordered in shared parenting situations and states the following:

{¶18} "A court that issues a shared parenting order in accordance with section 3109.04 of the Revised Code shall order an amount of child support to be paid under the child support order that is calculated in accordance with the schedule and with the worksheet set forth in section 3119.022 [3119.02.2] of the Revised Code, through the line establishing the actual annual obligation, except that, if that amount would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any

other factors or criteria set forth in section 3119.23 of the Revised Code, the court may deviate from that amount."

{¶19}  R.C. 3119.24(2) further states:

{¶20}  "The court shall consider extraordinary circumstances and other factors or criteria if it deviates from the amount described in division (A)(1) of this section and shall enter in the journal the amount described in division (A)(1) of this section its determination that the amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting its determination."

{¶21}  The trial court's failure to complete its own worksheet is not erroneous as long as the court clearly adopts one of the parties' worksheets. *Anderson v. Anderson,* 147 Ohio App.3d 513, 2002–Ohio–1156, 771 N.E.2d 303, at ¶ 85–86.  However, the adopted worksheet must be a fully completed worksheet containing all of the information that the trial court relied upon as mandated by statute.  I*d.*  It is reversible error for a trial court to include only a partial or incomplete worksheet in the record or to fail to clearly adopt a worksheet.  *M.A.H. v. S.F.,* 8th Dist.No. 81544, 2003–Ohio–4049, 2003 WL 21757500, at ¶ 25–26; *Brown v. Brown* (Apr. 4, 2001), 9th Dist. No. 20177, 2001 WL 324391; *McCoy v. McCoy* (1995), 105 Ohio App.3d 651, 655, 664 N.E.2d 1012.

{¶22}  We conclude the trial court's failure to include a child support calculation worksheet and/or provide reasoning for the deviation from the Shared Parenting Plan necessitates a reversal and remand for a new evidentiary hearing and completion of a child support computation worksheet.

{¶23}  Appellant's first Assignment of Error is sustained.

**II.**

{¶24} Appellant argues in her second Assignment of Error that the trial court abused its discretion when it terminated the order of spousal support. We disagree.

{¶25} Pursuant to R.C. 3105.18(B), a trial court may award reasonable spousal support to either party upon request and after the court determines the division or disbursement of property under R.C. 3105.171.

{¶26} In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, terms of payment, and duration of spousal support, R.C. 3105.18(C)(1) directs the trial court to consider all 14 factors set forth therein:

{¶27} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

{¶28} "(b) The relative earning abilities of the parties;

{¶29} "(c) The ages and the physical, mental, and emotional conditions of the parties;

{¶30} "(d) The retirement benefits of the parties;

{¶31} "(e) The duration of the marriage;

{¶32} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

{¶33} "(g) The standard of living of the parties established during the marriage;

{¶34}  "(h) The relative extent of education of the parties;

{¶35}  "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

{¶36}  "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

{¶37}  "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

{¶38}  "(l) The tax consequences, for each party, of an award of spousal support;

{¶39}  "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

{¶40}  "(n) Any other factor that the court expressly finds to be relevant and equitable."

{¶41}  In addition, R.C. 3105.18(C)(2) states that in determining whether spousal support is reasonable and in determining the amount and terms of payment of spousal support, each party shall be considered to have contributed equally to the production of marital income.

{¶42}  Trial courts must consider all the factors listed in R.C. 3105.18(C). However, this Court has previously held that a trial court need not acknowledge all evidence relative to each and every factor listed in R.C. 3105.18(C), and we may not assume that the evidence was not considered.  *Hutta v. Hutta,* 177 Ohio App.3d 414,

2008-Ohio-3756, 894 N.E.2d 1282, ¶ 27, citing *Clendening v. Clendening,* Stark App. No. 2005CA00086, 2005-Ohio-6298, 2005 WL 3150321, at ¶ 16, citing *Barron v. Barron,* Stark App. No. 2002CA00239, 2003-Ohio-649, 2003 WL 294353. The trial court need set forth only sufficient detail to enable a reviewing court to determine the appropriateness of the award. Id., citing *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, 518 N.E.2d 1197.

{¶43} As an initial matter, we find that the trial court's decision includes sufficient information regarding the factors to enable us to assess whether the award is fair, equitable, and in accordance with the law. We note that an award of spousal support will be reversed on appeal only if an abuse of discretion is shown. *Bechtol v. Bechtol* (1990), 49 Ohio St.3d 21, 24, 550 N.E.2d 178. The term "abuse of discretion" connotes more than an error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary, or capricious. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. A reviewing court may not substitute its judgment for that of the trial court unless, considering the totality of circumstances, the trial court abused its discretion. *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 131, 541 N.E.2d 597.

{¶44} Upon the evidence presented in the record, we can find no abuse of the trial court's discretion in determining the spousal support award. Appellant argues the trial court failed to consider the statutory factors in making its determination regarding spousal support. We find the trial court's findings of fact and conclusions of law demonstrate otherwise. The trial court stated in its findings of fact and conclusions of law, "The Court considered an award of spousal support and the factors found in

Revised Code Section 3105.18(c)(1) including the present financial condition of both parties, the father's responsibility for raising the four young children and the lack of evidence pertaining to mother's inability to seek employment. Based on consideration of the factors no spousal support shall be awarded nor shall there be continuing jurisdiction." This was not a long-term marriage and Appellee has taken on a majority of the responsibility for the minor children, affecting his ability to earn an income.

{¶45} Based on the evidence in the record and in consideration of the statutory factors, we find no abuse of discretion in the trial court's determination of spousal support for the reasons it specified.

{¶46} Appellant's second Assignment of Error is overruled.

### III.

{¶47} Appellant contends in her third Assignment of Error that the trial court abused its discretion in its division of the marital property. We disagree.

{¶48} The parties' financial affidavits listed their marital home, a rental home, a 2005 Ford Excursion, 1998 Ford Taurus, a 2005 travel trailer, a 1998 Harley Davidson motorcycle, ten rooms of furniture, tools, and other personal effects. At trial, the parties testified to the marital home, rental home, the motor vehicles, and the travel trailer. Appellee provided the only testimonial evidence regarding the value of the real estate. The trial transcript shows there was no testimony regarding the remainder of the marital property listed in the financial affidavits. The trial court awarded the Ford Excursion and the travel trailer to Appellee and the Ford Taurus to Appellant. Appellee was awarded the marital home and the rental property. The remaining personal property, furniture, and Harley Davidson motorcycle were not addressed in the magistrate's decision or

divorce decree.  Appellant argues reversible error occurred because the trial court failed to determine the value of the real property or address the remaining personal property.

{¶49}  Pursuant to R.C. 3105.171(B), "[i]n divorce proceedings, the court shall ... determine what constitutes marital property and what constitutes separate property.  In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section."  R.C. 3105.171(C)(1) further states: "Except as provided in this division or division (E)(1) of this section, the division of marital property shall be equal.  If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable.  In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section."

{¶50} A trial court has broad discretion in making divisions of property in domestic cases.  *Middendorf v. Middendorf* (1998), 82 Ohio St.3d 397, 401, 696 N.E.2d 575 citing *Berish v. Berish* (1982), 69 Ohio St.2d 318, 432 N.E.2d 183.  In order to make an equitable division of property, the trial court should first determine the value of the marital assets.  *Eisler v. Eisler* (1985), 24 Ohio App.3d 151, 152, 493 N.E.2d 975.  In performing this function, the trial court has broad discretion to develop some measure of value.  *Berish*, supra.  "The valuation of marital assets is typically a factual issue that is left to the discretion of the trial court."  *Roberts v. Roberts*, 10th Dist. No. 08AP-27, 2008-Ohio-6121, ¶18 citing *Berish*, supra.

{¶51} The only evidence of the value of the real property was presented by Appellee.  The parties did not present any evidence as to the valuation or extent of the

remaining marital personal property to allow the trial court to make an equitable division of the property between the parties. Our sisters in the Tenth District Court of Appeals in *Roberts v. Roberts*, Franklin App. No. 08AP-27, 2008-Ohio-6121, have held that:

{¶52} ""if a party fails to present sufficient evidence of valuation, that party has presumptively waived the right to appeal the distribution of those assets because the trial court can only make decisions based on the evidence presented[.]" Id. at ¶ 22, citing *Hruby v. Hruby* (June 11, 1997), Columbiana App. No. 93–C–9.

{¶53} "[W]hen a party fails to present evidence as to the value of an item, it is akin to invited error and the party has waived the right to appeal in regard to that asset." *Roberts*, supra at ¶21.

{¶54} We find this reasoning persuasive. The trial transcript shows the parties presented no evidence at all regarding the personal property or Harley Davidson motorcycle. The testimony on the real property was severely lacking, and the little information that was presented by Appellee was unrebutted by Appellant.

{¶55} We find no reversible error on the trial court's division and valuation of the real and personal property based on the evidence before it. Appellant failed to present sufficient evidence of valuation and has therefore waived her right to appeal the distribution of those assets.

{¶56} Appellant's third Assignment of Error is overruled.

{¶57} The judgment of the Stark County Court of Common Pleas, Domestic Relations Division is affirmed in part and reversed and remanded in part for further proceedings consistent with this opinion and law.

By: Delaney, J. and

Farmer J. concur

Hoffman, P.J. concurs in part
and dissents in part seperately

_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER

*Hoffman, P.J., concurring in part and dissenting in part*

{58} I concur in the majority's analysis and disposition of Appellant's First Assignment of Error. I would also sustain this assignment of error for an additional, independent reason; i.e., the trial court committed error by sua sponte modifying the terms of the parties' proposed Shared Parenting Plan.

{59} The proposed plan called for Father (Appellee) to be the child support obligor. The final decree ordered Mother (Appellant) to be the child support obligor. This court has previously held the statute [R.C.3109.04 (D)(1)(6)] does not give the Court authority to create its own Shared Parenting Plan. *Shoemaker v. Shoemaker,* (December 15, 2000), Knox App. No. 00CA0013, 2000WL 1862835.

{60} I also concur in the majority's analysis and disposition of Appellant's Second Assignment of Error.

{61} I further concur with the majority's analysis and disposition of Appellant's Third Assignment of Error as it relates to the division of the parties' real estate. However, I respectfully dissent as it relates to the personal property division. While I find the concept of waiver set forth in the *Roberts* case appealing,[1] the judgment entry being appealed fails to make any division and/or distribution of all of the parties marital assets; e.g., the motorcycle, furniture, tools and other personal effects of the parties.

---

[1] How an appellate court can effectively review the overall division of marital property without a determination of value of the marital assets remains problematic.

**{62}** I find such failure constitutes reversible error.


_____
HON. WILLIAM B. HOFFMAN

[Cite as *Dolan v. Dolan*, 2011-Ohio-5195.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| GEOFF DOLAN | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| KIM DOLAN | : | |
| | : | |
| | : | Case No. 2010 CA 00342 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division is affirmed in part and reversed and remanded in part. Costs to be split between Appellant and Appellee.

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER