[Cite as *Smith v. Smith*, 2017-Ohio-44.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

Tomi J. Smith

Court of Appeals No. S-16-002

Appellee

Trial Court No. 12DR971

v.

Franklin D. Smith, Jr.

**DECISION AND JUDGMENT**

Appellant

Decided:  January 6, 2017

* * * * *

Jon M. Ickes, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**OSOWIK, J.**

## I.  Introduction

{¶ 1} In this case, Franklin D. Smith, the defendant-appellant and "husband" herein, appeals a final divorce decree decided by the Sandusky County Court of Common Pleas.  Appellant claims six assignments of error, all of which pertain to the division of

property recommended by a magistrate and adopted by the trial court. The plaintiff-appellee, and "wife" herein, is Tomi J. Smith.

{¶ 2} For the reasons that follow, we affirm the decision of the trial court.

## II. Statement of Facts and Procedural History

{¶ 3} Husband and wife were married from January 7, 1995 until July 22, 2013. They had one child together, a daughter, who was emancipated as of the final divorce hearing.

{¶ 4} Wife filed for divorce on August 10, 2012. Husband did not answer, or otherwise respond, to the complaint. Likewise, husband failed to file "G-1 and G-2 Affidavits of Income and Expenses and Property" required by local rule. (Sandusky County Court of Common Pleas, Domestic Relations Division Loc. R. (A)(3)(a)).

{¶ 5} The following facts were developed at the "final divorce hearing" hearing, held on July 22, 2013.

{¶ 6} The parties separated in December of 2011 when wife left the marital home, taking with her some personal property. She claims to have left behind personal property valued at $30,000, attributed mostly to the value of appliances.

{¶ 7} Wife is a licensed massage therapist and cosmetologist. In 1998, while married, wife purchased a business, Hair Plus Salon, from her parents. Wife is the sole proprietor of the business. She also works on a contract basis for ProMedica. In 2012, wife reported $32,916 in income.

2.

**{¶ 8}** Husband and wife own individual retirement accounts, each of which had a value of about $12,000.

**{¶ 9}** At the time of hearing, husband was still living at the marital home, located on Lynber Lane in Clyde, Ohio. Plaintiff estimated that the value of that property was $250,000; husband estimated that it was $200,000. The parties also owned a home located in Port Clinton, Ohio, which wife valued at $65,000. Finally, the parties co-owned a time-share, which wife valued at $2,000.

**{¶ 10}** Husband is the sole proprietor of JES Leasing Services LLC, which is a holding company of Electrical Control Design ("ECD"). Husband operates ECD, which is an electrical contracting firm. He testified that he believed the assets of the business were worth about $64,000.

**{¶ 11}** Wife offered into evidence her individual tax returns for 2012, various medical and legal bills, a 2010 tax return and bank statement for ECD, another statement for the holding company, and the parties' joint 2012 tax return.

**{¶ 12}** Husband put forth no evidence, excluding his testimony, at the hearing.

### III. The Magistrate's March 26, 2015 Decision

**{¶ 13}** The magistrate recommended that that the trial court adopt and approve the following division of property:

> *Wife*: Hair Salon Plus, two cars, wife's retirement plan; all personal property in her current physical control;

3.

*Husband*: the Lynber Lane and Port Clinton properties; JES Leasing Services LLC and ECD and all of its assets; 3 parcels of real property located in Tiffin, Ohio; 3 vehicles; husband's retirement plan; all personal property in his current physical control.

{¶ 14} In addition, the magistrate recommended that husband pay wife a $25,000 distributive award to compensate wife for her interest in real and personal property awarded to husband, including $12,500 for the marital residence and $12,500 for the business entities and their assets. Alternatively, the magistrate proposed that husband could sell the marital residence, and avoid paying wife $12,500. If he chose to sell, the parties would divide equally the net proceeds, or conversely, the net loss. In the event of a loss, the wife's share would be subtracted from the other distributive award.

{¶ 15} Finally, the magistrate recommended that husband pay and/or reimburse wife for various medical and legal bills and that each party pay his or her own debts arising since their separation on December 25, 2011.

{¶ 16} Husband obtained counsel and objected to the decision. He included an affidavit as to the monthly expenses for three of the real estate holdings and asserted that wife had filed for bankruptcy protection in 2013. The trial court denied husband's objections and adopted the magistrate's decision. On December 10, 2015, the trial court issued the final divorce decree, and husband appealed.

## IV. Appellant's Assignments of Error

{¶ 17} In support of his appeal, husband raises six assignments of error:

4.

1. The trial court committed reversible error when it treated wife's business interest (Hair Salon Plus) as a separate property rather than a marital asset, without an actual finding to that effect, and without eliciting evidence of its value.

2. The trial court committed reversible error when it failed to allocate the expenses associated with jointly owned real estate during the pendency of the divorce, up to and including the date the divorce was finalized, and then failed to consider those liabilities when it ordered a distributive award to plaintiff.

3. The trial court committed reversible error when it ordered Appellant to make a distribution to Appellee from an S-corporation.

4. The trial court committed reversible error when it ordered Appellant to make a cash distribution to Appellee for her interest in his business without taking into account the value of Appellee's business (Hair Salon Plus).

5. The trial court committed reversible error when it valued used appliances, and two rooms of furniture from the marital home at $30,000 based on an unverified estimate by Appellee; and when it elicited no testimony as to the value of two vehicles, but assigned values to those vehicles.

6. The trial court committed reversible error when it ordered Defendant to pay medical bills of Plaintiff which were discharged in bankruptcy during the extended pendency of this case.

## V. Standard of Review

{¶ 18} The division of marital property shall be equal unless such a division would be inequitable. R.C. 3105.171(C)(1). The trial court has broad discretion in determining property division, but equal distribution should be the starting point of the analysis. *Cherry v. Cherry*, 66 Ohio St.2d 348, 353, 421 N.E.2d 1293 (1981), syllabus. The mere fact that a property division is unequal does not, standing alone, amount to an abuse of discretion. *Id.* Moreover, "a trial court's decision in domestic relations matters should not be disturbed on appeal unless the decision involves more than an error of judgment. * * * As this court has held many times, an 'abuse of discretion' * * * implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Booth v. Booth,* 44 Ohio St.3d 142, 541 N.E.2d 1028 (1989), quoting *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

## VI. Law and Analysis

{¶ 19} All six assignments of error pertain to the division of marital property and/or allocation of debt and expenses.

{¶ 20} The division of marital assets and liabilities in divorce proceedings are subject to R.C. 3105.171. "In divorce proceedings, the court shall * * * determine what constitutes marital property and what constitutes separate property. In either case, upon

6.

making such a determination, the court shall divide the marital property and separate property equitably between the spouses, in accordance with this section." R.C. 3105.171(B). The trial court is not required to make an equal division of the marital estate, so long as the division is equitable. *See Cherry* at paragraphs one and two of the syllabus.

{¶ 21} In his first assignment of error, husband complains that the court erred when it "failed to elicit" evidence regarding the value of the salon. The parties agree that the salon is marital property, although there was no explicit finding as to that fact by the magistrate or trial court.

{¶ 22} Husband's fourth assignment of error also concerns the salon. He claims that the court erred in ordering him to make a distributive award to wife for her interest in his two businesses, without taking into account *his interest in the salon*. In other words, husband does not dispute the ultimate ownership of the business but rather that his ownership in the salon should have been considered when ordering him to make a distributive award.

{¶ 23} The court may make a distributive award in lieu of a division of marital property in order to achieve equity between spouses, if the court determines that a division of the marital property in kind or in money would be impractical or burdensome. R.C. 3105.171(E)(2).

{¶ 24} The magistrate acknowledged the difficulty of dividing assets in this case:

7.

The magistrate concedes that the recommended property division may not be an equal division pursuant to R.C. 3105.171(C)(1). This is due in part to the paucity of evidence concerning the value of property and the exact nature and extent of debt.

Clearly, the parties own substantial assets, both real and personal property. They own at least five parcels of real estate, three business entities, several vehicles, office furnishings, computers, and business equipment. *Less certain is the value of this property. No appraisals or business evaluations were submitted.* The parties generally gave their opinion as to property value. For example, plaintiff claimed the marital home was worth $250,000.00 while defendant claimed it was worth only $200,000.00. Plaintiff offered corporate tax returns with attached schedules to establish amortization values. Defendant made claims that total debt exceeded the value of all property, i.e. there is no equity to divide, but he offered no proof of debt. [Wife] expressed little interest in being awarded property other than her business venture, automobile and personal possessions. (Emphasis added.)

{¶ 25} A trial court must assign value to marital property if it is to make an equitable division. *Walls v. Walls*, 4th Dist. Highland No. 94CA849, 1995 Ohio App. LEXIS 2005 (May 4, 1995) citing *Kaechele v. Kaechele,* 35 Ohio St.3d 93, 518 N.E.2d 1197 (1988). On the other hand, what is the trial court to do when the parties have not

8.

presented sufficient evidence, or evidence so weak, that the court is limited in its ability to assess value? *See e.g. Walls.* This is the issue presented in this case as we see it.

{¶ 26} When a party fails to provide the court with evidence as to the value of an item, the party may be found to have waived the right to appeal with regard to that asset. *Roberts v. Roberts*, 10th Dist. Franklin No. 08AP-27, 2008-Ohio-6121, ¶ 21. For example, in *Roberts* evidence presented as to the household items was "severely lacking." The court held that "if a party fails to present sufficient evidence of valuation, that party has presumptively waived the right to appeal the distribution of those assets because the trial court can only make decisions based on the evidence presented and is not required to order submission of additional evidence." *Id.* at ¶ 22 citing *Hruby v. Hruby*, 7th Dist. Columbiana No. 93-C-9, 1997 Ohio App. LEXIS 2576 (June 11, 1997). *But, see*, *Brown v. Brown*, 12th Dist. Madison No. CA2008-08-021, 2009-Ohio-2204, ¶ 11 ("A trial court commits reversible error if it makes a division of marital property and was not presented with any evidence of valuation of marital property and where it failed to assign a value in its decree.").

{¶ 27} The rationale for the waiver approach was articulated in *Walls,* where the court said,

> The dissenting judge in this case takes the position that if the evidence is so obscure, the court should require the parties to submit further evidence on the issue. We feel this would interfere with the parties' right to try to their own case. The function of the trial court is to decide the case on

the evidence presented. If a party elects to be less than forthcoming in the presentation of evidence, we believe he has the right to do so. A party might find some tactical advantage in evidential obscurity hoping, perhaps, to be awarded property more valuable than is let on in court. While this may be a kind of trial strategy, it is not and cannot ever be grounds for an appeal. *Id.* at \*8.

{¶ 28} We feel this is the right approach here. Based on our review of the record, there was a lack of evidence presented by either side, but especially by husband. Indeed, husband presented no evidence before or during the trial. As described by the magistrate, husband "was less than forthcoming in the discovery process and made assertions without any supporting evidence." Only after the magistrate's recommendation, did husband complain. With no evidence as to the value of the parties' assets, including three businesses between them, we think that the magistrate did the best he could with the limited information before him. Like the court in *Walls,* we find that if this error, it is invited error.

{¶ 29} Accordingly, we find that husband waived his arguments as to the salon by failing to put forth any evidence as to value, including the value of the salon. Husband's first and fourth assignments of error are not well-taken.

{¶ 30} In his second assignment of error, appellant complains that the trial court failed to allocate the costs associated with the Clyde and Port Clinton properties during the pendency of the divorce proceedings, which "were extended for an unconscionable

10.

length of time." Husband claims that wife should be ordered to pay him $41,674.00. He arrives at that figure by adding the expenses incurred on both homes during the 40 month pendency of the divorce. The mortgage, taxes and insurance for the Clyde property was $1,417.69. Those same expenses for the Port Clinton property were $666.00, for a total monthly expense of $2,083.69. Husband argues that wife is responsible for half of that amount, $1,041.95 multiplied by 40 months.

{¶ 31} The same waiver approach that applies to evaluating assets also applies to debts. *See Roberts v. Roberts*, 10th Dist. Franklin No. 08AP-27, 2008 Ohio 6121, ¶ 22 ("[I]f a party fails to present sufficient evidence of valuation, that party has presumptively waived the right to appeal the distribution of those assets [or debts].").

{¶ 32} While husband has definitive figures in mind now, he failed to present any documentary evidence at trial. The trial court can only make decisions based on the evidence before it.

{¶ 33} Husband also does not acknowledge that he was awarded five parcels of real property to wife's zero parcels. Wife vacated the marital home in December of 2011. We see no abuse of discretion in awarding those five properties to husband and conversely, in *not* ordering wife to help pay for properties she no longer occupied. Husband's second assignment of error is not well-taken.

{¶ 34} In his third assignment of error, husband alleges that the court abused its discretion when it ordered him to make a distributive award to wife from a particular asset, in this case his business, ECD, which he claims is an "S Corporation" under the

11.

rules and regulations of the Internal Revenue Service ("IRS"). Appellant argues that the court failed to consider the tax implications of such a payment and indeed whether IRS approval might be needed as "an allowable type of distribution." He argues that the court should not have attempted to "control the source of the funds used for the award."

{¶ 35} In its decision, the trial court ordered,

Defendant shall pay a distributive award to Plaintiff in the sum or $25,000 for the foregoing real and personal property awarded to him, including $12,500 for the marital residence [in Clyde] and $12,500 for the business entities JES Leasing Services and Electrical Control Design and all of their assets.

{¶ 36} We do not interpret the above as a directive that the distributive award come "from a particular asset," i.e. husband's business, ECD. We interpret the above as an attempt to explain the basis for the total award, not as a mandate that husband liquidate part of his business. Indeed, husband was awarded five parcels of real property from which the distributive award could have been satisfied. Moreover, while husband speculates that IRS approval "might" be required before liquidating part of the business, he offers no support for his argument. Husband's third assignment of error is not well-taken.

{¶ 37} In his fifth assignment of error, husband claims that the trial court erred in failing to specifically address the division of personal property, including possible values incorporated into the distributive award. He asks this court to find

12.

that the trial court "committed reversible error when it did not specifically address the disputed values of personal property, including whether or not [the] distributive award included consideration of the disputed values."

{¶ 38} It bears repeating that wife was awarded the salon, all personal property in her possession, a 2012 Chevrolet Malibu and a 2005 Ford Escape. The magistrate specifically found that wife disclaimed any interest in any other property, real or personal. By contrast, husband was awarded his business, all personal property in his possession, a 1999 Ford F-250 truck, and 2002 BMW 325, a 1985 Honda Shadow, and a Ski Do snowmobile, and five parcels of real property.

{¶ 39} The $25,000 distributive award was intended to compensate wife for the "foregoing real and personal property awarded to [husband]."

{¶ 40} Again, the magistrate and trial court had before them a "paucity" of evidence, and the magistrate specifically found that "as a matter of fact that the plaintiff was a more credible witness." We see no abuse of discretion, and we return to husband's failure to present the court with facts and figures to support a different outcome in this case. Husband's fifth assignment of error is not well-taken.

{¶ 41} Finally, in his sixth assignment of error, husband claims that the lower court erred when it ordered him to "pay medical bills of [wife] which were discharged in bankruptcy during the extended pendency of this case."

13.

{¶ 42} The trial court adopted the magistrate's recommendation that husband pay *all* of wife's medical bills stemming from an incident between the parties that resulted in an injury to wife's hand and *half* of the medical bills for treatment pertaining to the parties' daughter. Wife presented medical bills approximating $2,000 as to her hand and $1,200 as to her daughter.

{¶ 43} Husband urges the court to remand the case "to allow the introduction of extrinsic evidence to verify whether the medical bills still exist," or whether they were discharged in bankruptcy.

{¶ 44} As to this argument, the trial court ruled,

[T]he issue as to whether the plaintiff filed bankruptcy or not after the divorce hearing discharging her liability on marital debt was not admitted into evidence at the time of the divorce hearing and therefore should not be considered. The defendant could and may have also filed for bankruptcy after the divorce hearing. In the trial, he is the one who testified that bankruptcy was recommended by several attorneys as a way to resolve his financial problems. * * * Objection is denied.

{¶ 45} Husband presents no legal support for his position that the trial court erred in requiring him to pay certain bills. We see no abuse of discretion by the trial court. Husband's sixth assignment of error is not well-taken.

14.

## VII.  Conclusion

**{¶ 46}** Upon review, we think that the trial court equitably divided the marital property consistent with R.C. 3105.171(B).  We find that the trial court did not abuse its discretion by deciding the case based on the evidence presented.  Therefore, husband's assignments of error are not well-taken, and the decision of the Sandusky County Court of Common Pleas, Domestic Relations Division is affirmed.  Costs are assessed to defendant-appellant pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.          _____
                                                        JUDGE
Thomas J. Osowik, J.

                                              _____
James D. Jensen, P.J.                              JUDGE
CONCUR.

                                              _____
                                                        JUDGE