DECISION AND JOURNAL ENTRY
{¶ 1} Appellant and cross-appellee, Cheryl Zona, appeals from a judgment of the Medina County Court of Common Pleas, Domestic Relations Division, that granted her a divorce from appellee and cross-appellant, Anthony Zona. This Court reverses and remands for a new hearing on the division of property, spousal support, and child support.
 I. {¶ 2} Mr. and Mrs. Zona were married on July 14, 1991 and three children were born during the marriage. Mrs. Zona filed for divorce on September 26, 2002. Following an evidentiary hearing, the trial court granted the parties a divorce, and addressed the division of parental rights and responsibilities, child support, spousal support, distribution of property and debt, as well as other collateral aspects of the divorce.
 {¶ 3} Mrs. Zona timely appealed, asserting four assignments of error for review. Mr. Zona cross-appealed, asserting four cross-assignments of error. This Court will address Mrs. Zona's third assignment of error first because it is dispositive of the entire appeal.
 II. ASSIGNMENT OF ERROR III
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO AWARD THE MARITAL HOUSE TO APPELLANT/WIFE IN THAT THE MARITAL HOUSE WAS OWNED BY APPELLANT/WIFE PRIOR TO MARRIAGE, ITS VALUE WAS READILY ASCERTAINABLE FROM TWO APPRAISERS WHO TESTIFIED, AND APPELLANT/WIFE WAS DESIGNATED RESIDENTIAL PARENT AND LEGAL CUSTODIAN OF THE PARTIES' THREE MINOR CHILDREN AND BOTH APPELLEE AND APPELLANT AGREED IT WOULD BE IN THE BEST INTERESTS OF SAID CHILDREN NOT TO UPROOT THEM."
 {¶ 4} Through her third assignment of error, Mrs. Zona challenges the trial court's property division as it pertained to the marital residence. Each of the parties had presented evidence of the value of the residence via a real estate appraiser as well as other evidence. The trial court found, however, that neither party had presented credible evidence of value and, because it could not determine a fair market value based on the evidence presented, it ordered that the parties sell the property and divide the net proceeds equally. Mrs. Zona contends that the trial court committed reversible error because, among other reasons, it failed to determine the value of the marital residence. This Court agrees.
 {¶ 5} Generally, decisions as to the distribution of a couple's property upon divorce are reviewed for an abuse of discretion. Cherry v.Cherry (1981), 66 Ohio St.2d 348, 355. Although the trial court has broad discretion to develop a measure of value, it "is not privileged to omit valuation altogether." Willis v. Willis (1984), 19 Ohio App.3d 45, 48. This Court has repeatedly followed the holding of Willis and has found reversible error when a trial court divides a couple's property without first assigning a value to each of the parties' major assets. See, e.g.,Wenger v. Wenger, 9th Dist. No. 02CA0065, 2003-Ohio-5790, at ¶ 18;Mitchell v. Mitchell (May 6, 1998), 9th Dist. No. 18536; Kreger v.Kreger (Dec. 11, 1991), 9th Dist. No. 91CA005073. Although the trial court "cannot be expected to value every piece of furniture, lawn equipment, and other personal property accumulated during a marriage[,]" it is expected to place a value on the major assets owned by the parties. Kohler v. Kohler (Aug. 14, 1996), 9th Dist. No. 96CA006313.
 {¶ 6} At the hearing in this case, each party presented expert evidence concerning the value of the marital residence. The trial court explained in its decision, however, that it did not find the evidence credible. Nonetheless, even an absence of evidence of the property's value does not relieve the trial court of its obligation to value the assets of the parties. As the Willis court explained, "A party's failure to put on any evidence does not permit assigning an unknown as value. The court itself should instruct the parties to submit evidence on the matter." Willis, 19 Ohio App.3d at 48. If the trial court was not satisfied with either party's valuation evidence, it should have required them to submit additional evidence.
 {¶ 7} Because the trial court failed to place a value on the marital residence, and that omission impacted the entire division of property, this Court cannot review the propriety of the property division made by the trial court. See Kreger v. Kreger, supra. Consequently, the trial court must hold a new hearing, value all of the parties' major assets, and conduct a new division of property.
 {¶ 8} The third assignment of error is sustained insofar as it challenges the trial court's failure to assign a value to the marital residence before it divided the couple's property.
 ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FAILING TO APPLY AND CONSIDER ALL OF THE ELEMENTS OF ORC 3105.18(C)(1) IN DETERMINING THAT APPELLANT WIFE WAS NOT ENTITLED TO ANY SPOUSAL SUPPORT AND IN NOT RETAINING JURISDICTION AS TO SPOUSAL SUPPORT AND BY IMPUTING INCOME TO WIFE IN THE AMOUNT OF $48,800."
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY IMPUTING INCOME OF $48,800. TO APPELLANT/WIFE IN CALCULATING CHILD SUPPORT."
 ASSIGNMENT OF ERROR IV
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO AWARD ATTORNEY FEES TO APPELLANT/WIFE."
 CROSS-ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO RECOGNIZE THE SEPARATE PROPERTY INTEREST OF THE APPELLEE IN THE ASSET DESIGNATED AS REAL ESTATE LOCATED AT 12315 TRISKETT AVENUE IN CLEVELAND, OHIO."
 CROSS-ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DETERMINING THE DIVISION OF ASSETS AND LIABILITIES BETWEEN THESE PARTIES BECAUSE THE DIVISION RESULTS IN THE DISPARITY OF PRESENTLY AVAILABLE ASSETS VERSUS FUTURE ASSETS AS FAR AS THE ASSETS AWARDED TO THE DEFENDANT AND APPELLEE, ANTHONY ZONA, SPECIFICALLY REQUIRING THE PAYMENT OF PRESENT DOLLARS TO RETAIN ALL OF THE RIGHT TO A FUTURE INTEREST IN THE RETIREMENT PLAN."
 CROSS-ASSIGNMENT OF ERROR III
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN INCLUDING AS PART OF THE APPELLEE'S GROSS INCOME FOR CHILD SUPPORT AN IMPUTED AMOUNT OF INCOME FROM APPELLEE'S TERMINATED LAW PRACTICE WHERE APPELLEE ALREADY HAD SUBSTANTIAL RECOGNIZED INCOME FROM HIS PRIMARY EMPLOYMENT AS WELL AS FROM HIS SECONDARY EMPLOYMENT DESIGNATED AS ROTC DRILL PAY."
 CROSS-ASSIGNMENT OF ERROR IV
"THE TRIAL COURT ABUSED ITS DISCRETION IN ITS RULING ON ITS OBJECTIONS TO THE TEMPORARY ORDER AND ORDERING MR. ZONA TO PAY TO MRS. ZONA A REIMBURSEMENT FOR MORTGAGE AND HOUSE EXPENSES FOR APRIL AND MAY OF 2003 WHEN, AT THAT TIME, THE TEMPORARY ORDER THAT WAS ISSUED ESTABLISHED THAT BOTH PARTIES WERE TO PAY THE MARITAL DEBT AS ABLE."
 {¶ 9} Because this Court determined through its disposition of the third assignment of error that the entire division of property was impacted by the trial court's failure to value the marital residence, the matter must be remanded for a new hearing and a new division of the parties' property. As the entire division of property was tainted by the trial court's error, the remaining assignments of error pertaining to the division of property have been rendered moot.
 {¶ 10} The issue of spousal support was also impacted by that error. The trial court was required to determine the issue of spousal support "after the court determine[d] the division or disbursement of property under Section 3105.171." See R.C. 3105.18(B). The factors for determining whether spousal support was appropriate and reasonable further required the trial court to determine the relative assets and liabilities of the parties. R.C. 3105.18(C)(1)(i). Because the division of property was defective, so was the determination of spousal support and it must, therefore, also be reheard by the trial court.
 {¶ 11} The trial court's determination of child support may have likewise been impacted by the trial court's error in the division of property since the determination of a parent's child support obligation required the trial court to consider any income received from spousal support. See R.C. 3119.022. Because the issue of spousal support must be reconsidered, so, too, must child support be recalculated. Likewise, the issue of attorney fees must necessarily be re-evaluated in light of the new division of property.
 {¶ 12} Consequently, the remaining assignments of error and cross-assignments of error have been rendered moot and will not be addressed. See App. R. 12(A)(1)(c).
 III. {¶ 13} The third assignment of error is sustained. The remaining assignments of error and cross-assignments of error have been rendered moot and will not be addressed. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is reversed and the cause is remanded for proceedings consistent with this decision, which proceedings necessarily include a new hearing on the division of property as well as spousal support and child support.
Judgment reversed, and the cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellee/cross-appellant.
Exceptions.
Whitmore, P.J., Batchelder, J., concur.