[Cite as *Carmichael v. Carmichael*, 2012-Ohio-5811.]

STATE OF OHIO )
)ss:
COUNTY OF WAYNE )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

BARBARA H. CARMICHAEL

    Appellee

    v.

RICKEY L. CARMICHAEL

    Appellant

C.A. No. 11CA0036


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No. 10-DR-0374

DECISION AND JOURNAL ENTRY

Dated: December 10, 2012

BAIRD, Judge.

**{¶1}** Rickey and Barbara Carmichael had been married for 26 years when Mrs. Carmichael filed for divorce. During the divorce proceedings, the trial court concluded that the house the parties lived in during their marriage was Mr. Carmichael's separate property, but the court awarded the house to Mrs. Carmichael. Although the magistrate made findings about why the distributive award of the house to Mrs. Carmichael was appropriate, the trial court did not. Because R.C. 3105.171(D) requires the trial court to "make written findings of fact that explain the factors that it considered in making its determination that the spouse's separate property should not be disbursed to that spouse[,]" but the trial court did not make any findings, this Court reverses the trial court's decision as it relates to the property division and remands the matter to the trial court for further proceedings.

I.

{¶2} The parties were married in 1984 and lived in a house they built using Mr. Carmichael's separate funds. Mrs. Carmichael filed for divorce in 2010, and the matter was tried before a magistrate. He filed a magistrate's decision that divided the marital property between the parties. The magistrate's decision also awarded the house, which was classified as Mr. Carmichael's separate property, to Mrs. Carmichael. The magistrate explained in his decision the factors that he considered in making this award.

{¶3} The trial court entered a decree of divorce on the same day that the magistrate filed his decision. Both parties filed timely objections to the magistrate's decision. The trial court overruled the objections in a brief journal entry filed in June 2011. As it relates to the award of the house to Mrs. Carmichael, the trial court wrote that "Plaintiff shall be entitled to the marital residence * * *."

{¶4} Mr. Carmichael appealed the judgment, raising three assignments of error.

II.

Assignment of Error 1

The Trial Court's allocation of the real estate, which was the separate property of
[Mr. Carmichael], entirely to [Mrs. Carmichael] was against the manifest weight
of the evidence and contrary to §3105.171.

{¶5} Mr. Carmichael has argued that the trial court erred in awarding the marital home to Mrs. Carmichael. Because the trial court did not make the findings required by R.C. 3105.171(D), this Court must reverse the trial court's property division and remand this matter for further proceedings.

{¶6} In divorce proceedings, the trial court must determine what constitutes marital property and what constitutes separate property. R.C. 3105.171(B). The court must divide the

property equitably between the spouses, subject to an exception for a distributive award. R.C. 3105.171(C). A "distributive award" means a payment in real or personal property made from the separate property of a spouse that is not a payment of spousal support. R.C. 3105.171(A)(1). "A court may make a distributive award to facilitate, effectuate, or supplement a division of marital property." R.C. 3105.171(E)(1).

{¶7} Before further addressing the statutory framework, we first address Mr. Carmichael's argument that a trial court cannot make a distributive award unless it is to facilitate a fair division of marital property or because of misconduct by one of the spouses. This Court has recognized that R.C. 3105.171(E) sets forth three different provisions authorizing a distributive award: to facilitate a division of marital property, R.C. 3105.171(E)(1); in lieu of a division of marital property to achieve equity between the spouses, R.C. 3105.171(E)(2); and if a spouse has engaged in financial misconduct, R.C. 3105.171(E)(3). *West v. West*, 9th Dist. No. 01CA0045, 2002-Ohio-1118, 2002 WL 388845, *7. Contrary to Mr. Carmichael's argument, financial misconduct is not required for a trial court to make a distributive award. Rather, it is one of three different provisions under which a trial court may make a distributive award. Because the trial court was authorized to make a distributive award under R.C. 3501.171(E), we reject Mr. Carmichael's argument that the trial court could not make a distributive award and we continue to analyze the statutory requirements for the trial court to make such an award.

{¶8} Generally, a spouse's separate property should be awarded to that spouse. R.C. 3105.171(D). "If a court does not disburse a spouse's separate property to that spouse, the court shall make written findings of fact that explain the factors that it considered in making its determination that the spouse's separate property should not be disbursed to that spouse." *Id.* In determining whether to make a distributive award, the trial court must consider the factors set

forth in R.C. 3105.171(F) ("[i]n determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors * * *."). Although the magistrate's decision considered these factors, the trial court's judgment did not.

{¶9} Here, the trial court awarded Mr. Carmichael's separate property to Mrs. Carmichael, a distributive award of Mr. Carmichael's separate property. It did not, however, comply with the statutory requirements of R.C. 3105.171(D). The statute required the trial court to make "written findings of fact." Those findings of fact must "explain the factors that [the trial court] considered in making its determination that the spouse's separate property should not be disbursed to that spouse." R.C. 3105.171(D). The trial court's judgment did not comply with this requirement and consider the factors found in R.C. 3105.171(F).

{¶10} The trial court's decree recognized that by awarding Mr. Carmichael's separate property to Mrs. Carmichael, it was making a distributive award. Rather than making findings of fact to explain the factors it considered, the trial court's judgment merely listed the documents it reviewed and concluded that "there [were] no errors of law or other defect on the face of the decision."

{¶11} The trial court did not comply with the statutory requirement to make written findings of fact to support its decision. We must reverse the trial court's property division and remand this matter to the trial court for further proceedings consistent with this opinion. *See, e.g., Boyer v. Boyer*, 12th Dist. Nos. CA2010–04–083, CA2010–05–109, 2011-Ohio-989, ¶ 18.

<u>Assignment of Error 2</u>

The Trial Court's award of spousal support to [Mrs. Carmichael] was against the manifest weight of the evidence and contrary to R.C. §3105.18.

{¶12} In his second assignment of error, Mr. Carmichael argues that the trial court's award of spousal support was against the weight of the evidence. We reverse the trial court's

award of spousal support, but for a different reason. R.C. 3105.18 authorizes a trial court to make an award of spousal support. The trial court should decide the amount of the award after it divides the property under R.C. 3105.171. Because we reversed the trial court's property division, the award of spousal support must also be reversed. *Zona v. Zona*, 9th Dist. No. 05CA0007-M, 2005-Ohio-5194, ¶ 10. The factors for making an award of spousal support require the trial court to first determine the relative assets and liabilities of the parties. *Id.* citing R.C. 3105.18(C)(1)(i). After the trial court divides the property, as discussed in the first assignment of error, the trial court may then make an award of spousal support pursuant to R.C. 3105.18. The second assignment of error is sustained.

### Assignment of Error 3

The Trial Court's failure to rule on the objections to the Magistrate's Decision with findings of fact and conclusions of law as required by Civ.R. 53 constitutes reversible error.

{¶13} Because of this Court's resolution of the first assignment of error, the third assignment of error is moot, and this Court declines to address it. App.R. 12(A)(1)(c).

### III.

{¶14} Mr. Carmichael's first and second assignments of error are sustained, and this Court declines to address his third assignment of error because it is moot. The trial court's property division and spousal support award are reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

---

WILLIAM R. BAIRD
FOR THE COURT

MOORE, P. J.
DICKINSON, J.
CONCUR.

APPEARANCES:

ROBERT W. ECKINGER, Attorney at Law, for Appellant.

LON R. VINION, Attorney at Law, for Appellee.