[Cite as *In re S.J.A.*, 2021-Ohio-2712.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

IN RE: S.J.A.

C.A. No.     21AP0003

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.     2020 JUV-G 091

DECISION AND JOURNAL ENTRY

Dated: August 9, 2021

CARR, Judge.

{¶1}     Appellant Christopher Amos ("Father") appeals the judgment of the Wayne County Court of Common Pleas, Juvenile Division.  This Court affirms.

I.

{¶2}     Father and Appellee Lesley Varnes ("Mother") were never married.  On February 9, 2017, Mother gave birth to S.J.A.  DNA testing established that Father was S.J.A.'s biological father.  Mother also has another older daughter who is not Father's child.  Mother and S.J.A. lived with Father in his house until November 2019, at which point Mother and Father separated. Mother went to live with her father and stepmother.  While living there, Mother's father assaulted her while S.J.A. and Mother's other child were in the house.  Thereafter, Mother went to live with her mother for a short time before moving back in with her father.  Mother planned to live with her father until she could buy or rent a house.  S.J.A. alternated weeks with Mother and Father.

{¶3}   In January 2020, Father filed a complaint to establish parental rights and responsibilities.  Both parties filed proposed shared parenting plans and a hearing was held before a magistrate.  In June 2020, the magistrate issued a decision generally adopting Mother's shared parenting plan, which named Mother as the residential parent for school purposes.  In the absence of the agreement of the parties, the parties would exercise week-on, week-off parenting time with S.J.A.  Father would continue to provide health insurance for S.J.A. through his employment.  Father was ordered to pay Mother $483.06 in child support per month which included cash medical support.  Due to the amount of time that S.J.A. would spend with Father, the above quoted figure included two 10% deviations pursuant to R.C. 3119.231 and 3119.23(C).

{¶4}   Father filed a combined motion to set aside the magistrate's order and objections to the magistrate's decision.  Father objected to selected findings and conclusions of the magistrate.  Father sought to supplement the objections with reasoning and support following review of the transcript.  After the transcript was filed, Father filed a memorandum in support of his objections.  Therein, inter alia, Father contended that "the Magistrate erred/abused his discretion by ordering him to pay Mother child support in the amount of $483.06 and not deviating said amount down to zero ($0.00) dollars pursuant to R.C. 3119.23(A)(C)(E)(G)(H)(I)(Q) and/or 3119.24(B)(1)(2)(3)."

{¶5}   The trial court overruled Father's objections.  With respect to his objection concerning child support, the trial court noted that Father made "a blanket statement without providing any analysis."  Nonetheless, the trial court considered the merits of Father's objection and concluded that the record lacked sufficient evidence to support any additional deviations.  The trial court then entered judgment in accordance with the magistrate's decision.

{¶6}   Father has appealed, raising two assignments of error, which will be addressed together to facilitate our analysis.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION IN NOT DEVIATING CHILD SUPPORT TO $0.00 BY FAILING TO PROPERLY CONSIDER ALL THE FACTORS CONTAINED IN [R.C.] 3119.23 AND 3119.24 WHEN DEVIATING FROM THE BASIC GUIDELINE, WHICH RESULTED IN ISSUANCE OF AN IMPROPER AND UNJUST CHILD SUPPORT ORDER UPON APPELLANT.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN ADOPTING THE MAGISTRATE'S DECISION, WHICH IMPROPERLY CALCULATED CHILD SUPPORT AS THE MAGISTRATE DID NOT CONSIDER ALL THE APPROPRIATE DEVIATIONS.

{¶7} Father argues in his two assignments of error that the magistrate and trial court abused their discretion in failing to deviate the child support order to zero dollars, in failing to grant further deviations, or in failing to make Mother the child support obligor. As Father only asserted in his objections that his child support obligation should have been deviated to $0.00, that is the only argument that we will consider on appeal. *See* Civ.R. 53(D)(3)(b)(iv); *Herron v. Herron*, 9th Dist. Summit No. 29683, 2021-Ohio-2223, ¶ 60. While Father briefly mentions plain error sporadically in his brief, he has failed to develop a plain error argument. *See Herron* at ¶ 60.

{¶8} "Generally, this Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *Pflaum v. Summit Cty. Animal Control*, 9th Dist. Summit No. 28335, 2017-Ohio-4166, ¶ 11, citing *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 17. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "'In so doing, we consider the trial court's action with reference to the nature of the underlying matter.'" *Pflaum* at ¶ 11, quoting *Tabatabai* at ¶ 18.

{¶9}    To the extent that Father has alleged error with respect to the magistrate's decision or findings, his argument cannot be resolved via appeal.  "Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." (Internal quotations and citations omitted.)  *Wallace v. Wallace*, 9th Dist. Summit No. 25719, 2011-Ohio-4487, ¶ 14.  Accordingly, the portions of Father's assignments of error that address alleged error in the magistrate's decision are overruled on that basis.

{¶10}    Here, the trial court granted Father two 10% deviations.  One pursuant to R.C. 3119.051 and the other pursuant to R.C. 3119.23(C).

{¶11}  R.C. 3119.051(A) states:

Except as otherwise provided in this section, a court or child support enforcement agency calculating the amount to be paid under a child support order shall reduce by ten per cent the amount of the annual individual support obligation for the parent or parents when a court has issued or is issuing a court-ordered parenting time order that equals or exceeds ninety overnights per year. This reduction may be in addition to the other deviations and reductions.

{¶12}  As to shared parenting in particular, R.C. 3119.24 provides:

(A)(1) A court that issues a shared parenting order in accordance with section 3109.04 of the Revised Code shall order an amount of child support to be paid under the child support order that is calculated in accordance with the schedule and with the worksheet, except that, if that amount would be unjust or inappropriate to the children or either parent and therefore not in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in section 3119.23 of the Revised Code, the court may deviate from that amount.

(2) The court shall consider extraordinary circumstances and other factors or criteria if it deviates from the amount described in division (A)(1) of this section and shall enter in the journal the amount described in division (A)(1) of this section its determination that the amount would be unjust or inappropriate and therefore not in the best interest of the child, and findings of fact supporting its determination.

(B) For the purposes of this section, "extraordinary circumstances of the parents" includes all of the following:

(1) The ability of each parent to maintain adequate housing for the children;

(2) Each parent's expenses, including child care expenses, school tuition, medical expenses, dental expenses, and any other expenses the court considers relevant;

(3) Any other circumstances the court considers relevant.

{¶13}   The factors listed in R.C. 3119.23 include:

(A) Special and unusual needs of the child or children, including needs arising from the physical or psychological condition of the child or children;

(B) Other court-ordered payments;

(C) Extended parenting time or extraordinary costs associated with parenting time, including extraordinary travel expenses when exchanging the child or children for parenting time;

(D) The financial resources and the earning ability of the child or children;

(E) The relative financial resources, including the disparity in income between parties or households, other assets, and the needs of each parent;

(F) The obligee's income, if the obligee's annual income is equal to or less than one hundred per cent of the federal poverty level;

(G) Benefits that either parent receives from remarriage or sharing living expenses with another person;

(H) The amount of federal, state, and local taxes actually paid or estimated to be paid by a parent or both of the parents;

(I) Significant in-kind contributions from a parent, including, but not limited to, direct payment for lessons, sports equipment, schooling, or clothing;

(J) Extraordinary work-related expenses incurred by either parent;

(K) The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married;

(L) The educational opportunities that would have been available to the child had the circumstances requiring a child support order not arisen;

(M) The responsibility of each parent for the support of others, including support of a child or children with disabilities who are not subject to the support order;

(N) Post-secondary educational expenses paid for by a parent for the parent's own child or children, regardless of whether the child or children are emancipated;

(O) Costs incurred or reasonably anticipated to be incurred by the parents in compliance with court-ordered reunification efforts in child abuse, neglect, or dependency cases;

(P) Extraordinary child care costs required for the child or children that exceed the maximum state-wide average cost estimate as described in division (P)(1)(d) of section 3119.05 of the Revised Code, including extraordinary costs associated with caring for a child or children with specialized physical, psychological, or educational needs;

(Q) Any other relevant factor.

{¶14} As to the factor in R.C. 3119.23(C), R.C. 31129.231 states:

(A) If court-ordered parenting time exceeds ninety overnights per year, the court shall consider whether to grant a deviation pursuant to section 3119.22 of the Revised Code for the reason set forth in division (C) of section 3119.23 of the Revised Code. This deviation is in addition to any adjustments provided under division (A) of section 3119.051 of the Revised Code.

(B) If court-ordered parenting time is equal to or exceeds one hundred forty-seven overnights per year, and the court does not grant a deviation under division (A) of this section, it shall specify in the order the facts that are the basis for the court's decision.

{¶15} Here, the trial court determined Father's income to be $51,000 and Mother's income to be $24,960.00. Thus, Father's income is over twice what Mother's is. Father points out that his expenses, which include a mortgage, utilities, insurance for himself and S.J.A., are significantly higher than Mother's given that Mother lives with her father and does not have the same bills as Father. However, Mother testified that she did not plan to stay with her father permanently and was actively looking to buy or rent a house. In addition, Mother has another child for whom she is also responsible for providing care. Father seems to argue that he was granted more parenting time than Mother; however, the default under the shared parenting plan is that, if the parties could not agree on parenting time, then the parties would exercise equal parenting time with S.J.A. Thus, Father's focus on this point is misplaced.

{¶16}  Moreover, as noted above, the trial court granted Father two 10% deviations due to his extended parenting time:  one pursuant to R.C. 3119.051 and the other pursuant to R.C. 3119.23(C).  Father, nevertheless, maintains that the 10% deviation pursuant to R.C. 3119.23(C) and R.C. 3119.231 was arbitrary and unreasonable.  Given that R.C. 3119.051(A) provides for a 10% reduction in child support for a parent exercising equal to or greater than 90 overnights of parenting time, it hardly seems arbitrary or unreasonable that a little more than double the number of overnights would warrant only an additional 10% deviation.  Notably, Father has not pointed to any cases involving similar facts wherein the court determined that a larger deviation was required.

{¶17}  While Father asserts that the amount of child support would result in "the loss of his ability to provide food, clothing, shelter, and even his own residence[,]" he cites to no evidence in the record to support that claim.  *See* App.R. 16(A)(7).  Given Father's argument, Father has not demonstrated that the trial court abused its discretion in failing to find the existence of extraordinary circumstances as contemplated by R.C. 3119.24 such that a deviation to $0.00 would be warranted.

{¶18}  As to the other deviation factors in R.C. 3119.23 which Father mentions, we likewise cannot say Father has demonstrated the trial court abused its discretion.  We note that R.C. 3119.24(A) charges the trial court with ordering an amount of support in accordance with the schedule and worksheet unless "that amount would be unjust or inappropriate to the children or either parent and therefore not in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in section 3119.23 of the Revised Code[.]"  Thus, even if a factor is present, it must render the award "unjust or inappropriate" in order for the trial court to deviate from the amount provided by the relevant schedule and worksheet.  R.C. 3119.24(A).  The trial court issued a detailed and thorough entry

addressing each of Father's objections. Father has not demonstrated that the facts of the case required the trial court to reduce the child support order to $0.00.

{¶19} Father's assignments of error are overruled.

III.

{¶20} Father's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

ANDREW M. KORDUBA, Attorney at Law, for Appellant.

RACHELL HOFFEE, Attorney at Law, for Appellee.