[Cite as *West v. West*, 2024-Ohio-1086.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

LORI A. WEST

    Appellant

    v.

JOSEPH B. WEST, et al.

    Appellees

C.A. No.    22AP0053

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    2020 DR-B 000374

DECISION AND JOURNAL ENTRY

Dated: March 25, 2024

CARR, Judge.

{¶1} Plaintiff-Appellant Lori West ("Wife") appeals the judgment of the Wayne County Court of Common Pleas. This Court affirms.

I.

{¶2} Wife and Defendant-Appellee Joseph West ("Husband") married on February 1, 1986. These proceedings were initiated when Wife filed a complaint for divorce in November 2020. Husband filed an answer and counterclaim in January 2021. At the time of the proceedings, the parties had no minor children.

{¶3} A hearing was held before a magistrate over two days in late 2021. Of relevance to the instant appeal, the magistrate issued a decision in January 2022, concluding that value of the couple's business, the Third-Party Defendant J&J Performance, Inc., a marital asset, was $541,067.57. The trial court entered a judgment entry which included that valuation the same day. This business was the couple's primary source of income for much of the marriage. J&J

Performance, Inc. manufactures and assembles various parts for racecars, firearms, and paintball guns.

{¶4} Husband objected to the magistrate's decision challenging, inter alia, the magistrate's valuation of J&J Performance, Inc. Thereafter, the trial court sustained several of Husband's objections, including the one related to the value of J&J Performance, Inc. The trial court remanded the matter "to the magistrate to determine the book value (assets-liabilities) of the company." In so doing, the trial court noted that "[t]he magistrate found the company value to be $541,067.57 based upon the depreciable assets in the amount of $477,866 on the company's tax return[]" and concluded that that was "an inappropriate method to evaluate the value of a company."

{¶5} The magistrate issued another decision on September 13, 2022, determining that the book value of J&J Performance, Inc. was $27,142.88. A judgment entry was filed that same day. The magistrate issued a nunc pro tunc decision on September 20, 2022, which did not alter the value of the business but did alter the equalization payment due to Wife. The trial court issued a nunc pro tunc judgment entry that same day.

{¶6} On September 27, 2022, Wife filed objections to the magistrate's decisions. Therein, Wife argued that the trial court ordered the magistrate to use an incorrect approach in valuing the company. Moreover, Wife contended that, in valuing the business, the magistrate did not take into account the income of the business and did not set forth a date of the valuation. Instead, Wife urged the trial court to take the income approach to valuing J&J Performance, Inc. and determine its going concern value. Wife also maintained that the trial court could not value J&J Performance, Inc. under any approach based on the evidence presented and that further

hearings were needed. Husband filed a brief in opposition to Wife's objections. On October 10, 2022, the trial court issued an entry overruling Wife's objections.

{¶7}  Wife has appealed, raising two assignments of error. They will be addressed together to facilitate our review.

{¶8}  In January 2024, a notice of suggestion of death of Husband was filed. Pursuant to App.R. 29(A), Mary Jo Pitzen, Executor of Husband's estate, has been substituted as a party in this appeal.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY INDEPENDENTLY DETERMINING THE VALUE OF J&J PERFORMANCE, INC., RATHER THAN INSTRUCTING THE PARTIES TO SUBMIT EVIDENCE SUPPORTING THE COMPANY'S VALUATION.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY RELYING ON ITS OWN DETERMINATION OF VALUE FOR J&J PERFORMANCE, INC. IN MAKING THE PROPERTY DIVISION PURSUANT TO R.C. 3105.171(B) AND (C)(1).

{¶9}  Wife argues in her first assignment of error that the trial court did not possess sufficient evidence to value J&J Performance, Inc. as it did not possess a professional business valuation or appropriate records such as a balance sheet or statement of cash flow. Wife asserts in her second assignment of error that J&J Performance, Inc. was improperly valued by the trial court because the trial court did not possess sufficient evidence to value the company; thus, neither of the valuations are supported by the record. In essence, Wife's second assignment of error is a reiteration of her first assignment of error.

{¶10}  Generally, this Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *Pflaum v. Summit Cty. Animal Control*, 9th Dist. Summit No.

28335, 2017-Ohio-4166, ¶ 11, citing *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 17.  An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).  "'In so doing, we consider the trial court's action with reference to the nature of the underlying matter.'"  *Pflaum* at ¶ 11, quoting *Tabatabai* at ¶ 18.

{¶11}  Wife has not met her burden on appeal to demonstrate the trial court abused its discretion in valuing J&J Performance, Inc.  *See Simon v. Simon*, 9th Dist. Summit No. 29615, 2021-Ohio-1387, ¶ 9; *Zona v. Zona*, 9th Dist. Medina No. 05CA0007-M, 2005-Ohio-5194, ¶ 5.  "A trial court has discretion in determining how to value a marital asset and in fashioning an equitable division of marital property."  *Kiernan v. Ward*, 9th Dist. Summit No. 29994, 2022-Ohio-1303, ¶ 17.  Here, the parties did not submit perhaps the most helpful or the best evidence to the trial court upon which to base the valuation.  Neither Husband nor Wife presented an expert business valuation of J&J Performance, Inc., nor did they present the other documents that Wife maintains were necessary.  While the record reflects that a business valuation was expected to be conducted, it ultimately did not happen.  The reasons why are not apparent from the record before this Court.  Wife insinuates that Husband is to blame, pointing to references in the magistrate's decision to a prior proceeding that was dismissed and is not part of this Court's record.  Detailed testimony concerning these issues or motion practice that would support such claims is not in the record.  Nevertheless, Husband and Wife were provided the opportunity to present the necessary evidence to value the business to the trial court.  In fact, Wife did not argue there was insufficient evidence until the magistrate's original valuation was overturned by the trial court.

{¶12}  Notably, on appeal, Wife does not reiterate or expound upon the arguments she made in her objections to the magistrate's decision.  Wife fails to explain how the trial court's

approach was unwarranted or discuss another approach that would be more accurate. Wife does not take issue with any particular figure used by the trial court in its valuation of the assets and the liabilities that ultimately led to the business valuation. Nor, on appeal, does Wife assert that trial court miscalculated or omitted an asset or liability in the process of valuing the business. Further, Wife does not assert that Husband's testimony was not credible. While it is clear that Wife disagrees with the trial court's valuation of J&J Performance, Inc., Wife has not sufficiently explained on appeal how the valuation is an abuse of discretion given the evidence that was actually before the trial court.

{¶13} Wife's assignments of error are overruled.

III.

{¶14} Wife's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

MICHAEL J. ASH, Attorney at Law, for Appellant.

CRAIG R. REYNOLDS, Attorney at Law, for Appellees.